IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KARL D. ROEMER,<br><br>    Plaintiff,<br><br>v.<br><br>RUSHMORE LOAN MANAGEMENT SERVICES LLC,<br><br>    Defendant. | CIVIL ACTION 1:16-cv-06753<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES the Plaintiff, KARL D. ROEMER, by and through his attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, RUSHMORE LOAN MANAGEMENT SERVICES LLC, as follows:

### NATURE OF THE ACTION

1. This is an action brought by a consumer for violation(s) of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et. seq. and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 et. seq.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction exists over the Fair Debt Collection Practices Act claim(s) under 28 U.S.C. §§ 1331 and 1337.

3. Supplemental jurisdiction exists over the Illinois Consumer Fraud and Deceptive Business Practices Act claim(s) under 28 U.S.C. § 1367.

4. Venue is proper under 28 U.S.C. §1391(b) as a substantial part of the events giving rise to the claims took place in the Northern District of Illinois.

## PARTIES

5. KARL D. ROEMER (hereinafter "Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at the property commonly known as 1176 Mistwood Court, Downers Grove, Illinois 60515.

6. RUSHMORE LOAN MANAGEMENT SERVICES, LLC (hereinafter "Defendant") is a limited liability company formed under the laws of the State of Delaware. Defendant has a principal place of business located at 15480 Laguna Canyon Road, Irvine, California 92618.

## FACTUAL ALLEGATIONS

7. On February 16, 2012, Plaintiff executed a mortgage (hereinafter "mortgage loan") in favor of Wells Fargo Bank, N.A., to secure a promissory note in the amount of $249,500.00. The note was payable in monthly installments of $1,209.20 with a maturity date of March 1, 2042.

8. Subsequently, Plaintiff defaulted on the mortgage loan.

9. On February 18, 2014, a bankruptcy case concerning Plaintiff was filed under Chapter 7 of the United States Bankruptcy Code.[1] *See* Exhibit A, a true and correct copy of the February 18, 2014 Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors and Deadlines and Certificate of Notice.

10. On February 18, 2014, the schedules filed by Plaintiff listed Wells Fargo Bank, N.A. on Schedule D – Creditors Holding Secured Claims. *See* Exhibit B, a true and correct copy of Schedule D – Creditors Holding Secured Claims.

---

[1] Case No. 14-05029

11. On May 13, 2014, Plaintiff was granted a discharge under section 727 of the United States Bankruptcy Code. *See* Exhibit C, a true and correct copy of Discharge of Debtor and Certificate of Notice. The discharge prohibits any attempt to collect from Plaintiff a debt that has been discharged.

12. On August 7, 2015, Defendant advised Plaintiff that the servicing of his mortgage loan was transferred from Wells Fargo Bank, N.A. to Defendant, effective August 4, 2015. *See* Exhibit D, a true and correct copy of the August 7, 2015 Notice of Assignment, Sale or Transfer of Servicing Rights. The August 7, 2015 Notice of Assignment, Sale or Transfer of Servicing Rights provided in pertinent part:

"The date that Rushmore will begin accepting payments from you is 8/4/2015. Send all payments due on or after that due date to your new servicer. A billing statement from Rushmore will be mailed to you within 15 to 30 days."

13. Defendant sought to collect the subject debt despite the discharge through three separate communications.

14. On August 11, 2015, Defendant sent Plaintiff a Mortgage Statement, with a payment coupon attached, which provided that the "Amount Due" was $29,910.37, with a "Payment Due Date" of September 1, 2015. *See* Exhibit E, a true and correct copy of August 11, 2015 Mortgage Statement.

15. On October 9, 2015, Defendant sent Plaintiff a Mortgage Statement, with a payment coupon attached, which provided that the "Amount Due" was $33,058.83, with a "Payment Due Date" of November 1, 2015. *See* Exhibit F, a true and correct copy of October 9, 2015 Mortgage Statement.

16. On April 11, 2016, Defendant sent Plaintiff a Mortgage Statement, without a payment coupon attached, which provided that the "Amount Due" was $42,866.97, with a

"Payment Due Date" of May 1, 2016. *See* Exhibit G, a true and correct copy of April 11, 2016 Mortgage Statement.

17. The August 11, 2015, October 9, 2015 and April 11, 2016 Mortgage Statements each provided that the "Outstanding Principal" was $241,101.28. *See* Exhibit E, Exhibit F and Exhibit G.

18. As a result of Defendant's systematic campaign of unlawful collection activity, Plaintiff has suffered emotional distress – confusion, frustration and humiliation; mental distress; physical illness and pain and suffering.

### COUNT I – VIOLATION(S) OF THE FAIR DEBT COLLECTION PRACTICES ACT

19. Paragraphs 1 through 18 are re-alleged as though fully set out herein.

20. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

21. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3). The mortgage loan is a "debt" as defined by 15 U.S.C. § 1692a(5).

22. Defendant is a "debt collector as defined by 15 U.S.C. § 1692a(6). Defendant is attempting to collect a debt used for "household purpose" as defined by 15 U.S.C. § 1692a(5).

23. Section 523(a)(2) of the United States Bankruptcy Code provides:

    (a)  A discharge in a case under this title –

        (2)  operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor; whether or not discharge of such debt is waived; and

24. Defendant violated §§ 1692e(2), e(10), e(11), f, f(1), and (g) through its debt collection efforts on a debt discharged in bankruptcy.

25. Defendant violated 15 U.S.C. § 1692e(2) by falsely representing the character, amount or legal status of Plaintiff's mortgage loan. The subject debt was not collectable at the time Defendant demanded payment by virtue of the discharge.

26. Defendant violated 15 U.S.C. § 1692e(10) by using false representation or deceptive means to collect or attempt to collect Plaintiff's mortgage loan. The subject debt was not collectable at the time Defendant demanded payment by virtue of the discharge.

27. Defendant violated 15 U.S.C. § 1692e(11) by failing to disclose in the August 7, 2015 initial written communication, that Defendant – a debt collector – is attempting to collect a debt and that any information obtained will be used for that purpose. *See* Exhibit E.

28. Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means – mortgage statements – to collect and/or attempt to collect the subject debt. The subject debt was not collectable at the time Defendant demanded payment by virtue of the discharge.

29. Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect the subject debt. The subject debt was not permitted by law at the time Defendant demanded payment by virtue of the discharge.

30. Defendant violated 15 U.S.C. § 1692g by failing to send Plaintiff a written notice containing (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt

collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor; within five days after the August 7, 2014 initial communication with Plaintiff.

WHEREFORE, Golbeck requests the following relief:

a. actual, and statutory damages, and costs of this action include expenses together with attorney's fees as determined by this Court; and

b. any other relief deemed appropriate and equitable.

### COUNT II – VIOLATION(S) OF THE ILLINOIS CONSUMER FRAUD AND DECEPTION BUSINESS PRACTICES ACT

31. Paragraphs 1 through 18 are re-alleged as though fully set out herein.

32. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

33. Plaintiff is a "person" as defined by 815 ILCS §505/1(c). Plaintiff is a "consumer" as defined by 815 ILCS §505/1(e).

34. Defendant is engaged in "commerce" as defined by §815 ILCS 505/1(f).

35. The Illinois Consumer Fraud and Deceptive Business Practices Act is a regulatory and remedial statute intended to protect borrowers, businesses and consumers against fraud, unfair methods of competition, and other unfair and deceptive business practices.

36. An Illinois Consumer Fraud and Deceptive Business Practices Act claim requires (1) a deceptive act or practice by the defendant, (2) the defendant's intent that the plaintiff rely on the deception, (3) the occurrence of the deception in a course of conduct involving trade or commerce, and (4) actual damage to the plaintiff that is (5) a result of the deception.

37. Defendant violated the Illinois Consumer Fraud and Deceptive Business Practices Act by unfairly and deceptively inducing Plaintiff to make payments despite the discharge through three separate communications.

39. Upon information and belief, Defendant has engaged in a systematic campaign of unlawful collection activity – involving inducing consumers to make payments notwithstanding their discharge.

38. An award of actual damages is appropriate as Plaintiff has suffered emotional distress – confusion, frustration and humiliation; mental distress; physical illness and pain and suffering.

39. An award of punitive damages is appropriate as Defendant's unfair and deceptive acts were outrageous, wanton and willful, and showed a conscious disregard and indifference for the rights of Plaintiff and consumers, generally.

*THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK*

WHEREFORE, Plaintiff requests the following relief:

a. actual, and punitive damages, and costs of this action include expenses together with attorney's fees as determined by this Court; and

b. any other relief deemed appropriate and equitable.

**Plaintiff demands trial by jury.**

June 27, 2016                                      Respectfully submitted,

/s/ Joseph S. Davidson

Joseph S. Davidson, Esq.
SULAIMAN LAW GROUP, LTD.
900 Jorie Boulevard
Suite 150
Oak Brook, Illinois 60523
Telephone: (630)575-8181
Facsimile: (63)575-8188

*Counsel for Karl D. Roemer*